## WILLIAM FREEMAN, JR., *versus* WILLIAM MOREY.

A motion for a new trial, because the verdict was against evidence, should set forth what the verdict was, in whose favor, and should be accompanied by a report of the evidence in the case.

A. contracts with B. to deliver him, at a time and place specified, certain mill machinery, a part of which is iron castings and which it is agreed by the parties shall be made by D. — *Held,* that A., having contracted to deliver them, would be responsible for the non-delivery of them, although prevented from so doing by the failure of D. to have them ready.

The true rule for the government of a jury in the assessment of damages in an action for a breach of contract, is to hold the defendant responsible for such damages and such only as are the *immediate and necessary* result of the defendant's breach of his contract with the plaintiff.

ON EXCEPTIONS from *Nisi Prius,* APPLETON, J., presiding.

This was an action of ASSUMPSIT upon a contract. The writ, dated December 14, 1854. Plea, the general issue. Specifications of defence were waived by plaintiff. The contract was stated by George W. Wakefield, a witness called by plaintiff, to be as follows: — " Morey was to furnish the machinery and iron works for the mills which the plaintiff was about erecting in Cherryfield, a schedule of which articles was given him. The first part of the work was to be furnished by the first of March, and the last part by the first of May, 1854. There were no prices mentioned. The work was to be delivered in Cherryfield."

" The work that came first was received the first of May, being the gates, racks and slides for carriages which came direct to Freeman from Scales & Robinson. We received gang dogs, and spiders to get the work along in March and to do the shop work. The great body of the articles arrived the last of May or first of June. "

One of the articles to be furnished by defendant was Babbitt metal to pack the boxes on the hand of the gang, and evidence was introduced to show that it was of an inferior quality.

Damages were claimed upon two grounds: — 1. For delay and additional expense in the construction of the mill, in con-

sequence of the failure of the defendant to furnish the machinery at the time stipulated in the contract.

2. For furnishing a poor quality of Babbitt metal for packing the boxes on the hand of the gang saw, whereby he sustained further loss of the use of his mill and was subjected to additional expense.

After the evidence was in, defendant's counsel requested the presiding Judge to instruct the jury that if, from the evidence, they found that, at the time of the contract between the plaintiff and the defendant, it was agreed between them that Scales & Co., (machinists,) should make the castings for the plaintiff, then Morey would not be responsible for damages resulting from any failure of Scales & Co. to furnish the castings in season; which he declined to do, but did instruct the jury as follows:—

That defendant would be responsible for damages resulting from the omission to deliver the castings at the time and place agreed upon, if the contract for their delivery was with defendant, notwithstanding the parties had agreed that they were to be cast by Scales & Co., and that what was the agreement between plaintiff and defendant, was for the jury; that, if defendant was not bound to furnish the castings, he would not be responsible for any damage arising from their not having been seasonably furnished; that, if the defendant furnished Babbitt metal which was worthless, he would be responsible for damages arising therefrom; that the measure of damage would be the loss accruing to the plaintiff for the inability to use, or the loss of the use of his mill, till he could, after he was apprised of the character of the metal, in the exercise of due diligence, have obtained the kind of metal required for his mill, together with the difference in value between good Babbitt metal and the article actually furnished at the time and place of its delivery.

The verdict appears to have been for the plaintiff. Exceptions to the above instructions were taken, and a motion for a new trial was made, by defendant.

*Bradbury* and *Walker* argued in support of the exceptions,

and cited *Furlong* v. *Polleys*, 30 Maine, 493; *Bridges & al.* v. *Stickney*, 38 Maine, 361.

*J. Granger* and *Freeman*, for plaintiff, cited *Furlong* v. *Polleys & al.*, 30 Maine, 491; *Miller* v. *Mariners' Church*, 7 Greenl. 51; *Fox* v. *Harding*, 7 Cush.; *Johnson* v. *Arnold*, 2 Cush. 46; *Medeeston* v. *Mayor of Brooklyn*, 7 Hill, 61.

HATHAWAY, J.—Exceptions and a motion for new trial because the verdict was against evidence.

Concerning the motion for a new trial, the case does not show what the verdict was, nor in whose favor, only as it may be inferred from the defendant's motion; and there are a number of depositions referred to as constituting a part of the evidence, copies of which have not been furnished, and without which, the Court cannot decide the question, with the requisite knowledge of the facts proved; and, besides, there seems to be no doubt, that the plaintiff was entitled to recover something for the deficiency in the Babbitt metal, and the Court has no means of knowing, whether the verdict was rendered upon that ground alone, or upon that, in connection with the other grounds upon which damages were claimed. As the case is presented, the motion for a new trial cannot be sustained.

As to the exceptions, no error is perceived in the rulings of the Judge who presided at the trial, only in relation to the measure of damages sustained by reason of the worthless or unsuitable character of the Babbitt metal, furnished by the defendant.

The principles, upon which damages should be assessed in such case, have been so recently and elaborately examined and determined by this Court, in *Bridges* v. *Stickney*, 38 Maine, 361, that a reference to that case is sufficient to show that the instructions upon that subject were erroneous, according to the law as therein decided.

*Exceptions sustained and new trial granted.*

TENNEY, C. J., and APPLETON, MAY, and GOODENOW, J. J., concurred.